HOWELL v. SAPPINGTON.

(Circuit Court, D. Oregon. December 7, 1908.)

No. 3,250.

PUBLIC LANDS (§ 103*)—ENTRY—CONTEST—PREFERENCE RIGHT—STATUTES.

Act Cong. May 14, 1880, c. 89, § 2, 21 Stat. 141 (U. S. Comp. St. 1901, p. 1392), providing that in all cases where any person has contested, paid land office fees, and procured the cancellation of any pre-emption, homestead, or timber culture entry, he shall be notified by the register of the land office of the district in which the land is situated of such cancellation, and shall have 30 days from the date of the notice to enter such lands, has no application to land sought to be purchased as a stone and timber claim.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 298; Dec. Dig. § 103.*]

Murphy, Brodie & Swett, for complainant.

Ralph R. Duniway and Talmage & Johnson, for defendant.

WOLVERTON, District Judge. The bill of complaint in this case sets forth that one Kiger made application to the register and receiver of the local land office at Oregon City, Or., to purchase a certain tract of land (describing it), under the act of June 3, 1878, commonly known as the "Timber and Stone Act" (Act June 3, 1878, c. 151, 20 Stat. 89 [U. S. Comp. St. 1901, p. 1545]); that she made due publication as required by law, and tendered the purchase price thereof to the proper officials; that thereafter the complainant herein filed a contest against such application to purchase, and in due course, having provided the proper witnesses, paid the expenses thereof, and tendered the fees necessary to that end, and was successful; and that Kiger's application was on May 10, 1906, canceled by order and direction of the honorable Commissioner of the General Land Office. It is then further alleged that by virtue of the cancellation of said application, and under and by virtue of the provisions of the act of Congress approved May 14, 1880 (Act May 14, 1880, c. 89, 21 Stat. 140 [U. S. Comp. St. 1901, p. 1392]), the complainant became and was entitled to a preference right to enter said tract of land for a period of 30 days after notice thereof, and it became and was the duty of the land officials of the government of the United States to notify the complainant of the fact that he had, by virtue of his successful contest and the provisions of said act of Congress, acquired such preference right of entry. It is then further averred that complainant was not so notified, and that by reason thereof he is still entitled to the privilege under the law of exercising such preference right; but that, contrary to his right and privilege in the premises, the defendant made application to purchase the said land under the said act of June 3, 1878, and, having observed the provisions of law in that regard, has been issued a patent for the land by the general government. The complainant prays that the patent to defendant be canceled, so that he may yet have the privilege of exercising his preference right in the premises in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

purchasing the land from the government. To this complaint a demurrer has been filed, and the question arises whether it is sufficient upon which to base the relief sought.

The preference right claimed is given by section 2 of the act of May 14, 1880, which provides:

"In all cases where any person has contested, paid the land office fees, and procured the cancellation of any pre-emption, homestead, or timber culture entry, he shall be notified by the register of the land office of the district in which such land is situated, of such cancellation, and shall have thirty days from the date of such notice to enter said lands."

It has been definitely held, in the case of Hartman v. Warren, 76 Fed. 157, 22 C. C. A. 30, that the preference right there alluded to can only be exercised or granted in cases of cancellation of pre-emption, homestead, or timber culture entries, and in none other. The learned Circuit Judge Sanborn, in deciding that cause, has this to say:

"After a deliberate consideration of all the terms of the act of 1880, in the light of the legislation for the disposition of the public lands in force when it was enacted, all doubt of its true construction has been dispelled, and we have become satisfied that the preferred right to enter land granted to the contestant by the second section of that act was granted to the successful contestant of a pre-emption, homestead, or timber culture entry only."

This authority is sufficient for the determination of the present cause, if complainant is otherwise in a position to maintain his suit, a matter I do not now decide.

The demurrer will therefore be sustained; and it is so ordered.